UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sebastian Lucido,

    Plaintiff,

v.                                              Civil Case No. 08-15269

Robert S. Mueller III, *et al.*,          Honorable Sean F. Cox

    Defendants.
_____/

## ORDER DENYING
## PLAINTIFF'S MOTION FOR RECONSIDERATION

Following extensive[1] briefing by the parties and oral argument, this Court granted Motions to Dismiss filed by the Government Defendants and the FINRA Defendants in an Opinion & Order issued on September 29, 2009. (Docket Entry No. 50).

Plaintiff Sebastian Lucido ("Lucido") filed the instant motion for reconsideration on October 12, 2009 (Docket Entry No. 52).[2]

The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2) & (g)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs.

Local Rule 7.1(g)(3) provides the following standard regarding motions for reconsideration:

---

[1] The parties fully briefed the two motions and the Court also allowed the parties to file supplemental briefs and materials prior to, and after, oral argument.

[2] Lucido has also filed a motion seeking leave to file another brief in support of his Motion for Reconsideration. The Court shall deny that request.

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(g)(3).

Plaintiff's motion fails to meet this standard. Rather than identify a palpable defect with the September 29, 2009 Opinion & Order, Plaintiff's Motion for Reconsideration asks the Court to reconsider one of the same issues previously ruled upon by the Court (i.e., whether the routine use exception applies). In addition, to the extent that Plaintiff's motion attempts to offer new arguments, and cites to additional authority not contained in his prior briefs, such arguments are not properly presented in a motion for reconsideration. A motion for reconsideration is not an appropriate vehicle for raising new facts or arguments that were not included in the original motion. *See, e.g., Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 357, 374 (6th Cir. 1998) (holding that a party is not permitted to raise new legal arguments on a motion for reconsideration that could have been raised earlier.).

Moreover, even after considering the new arguments and authority contained in Plaintiff's motion, this Court continues to believe that Plaintiff's claim alleging a violation of the Privacy Act was properly dismissed. As set forth in the Government's Response to the Motion for Reconsideration, Plaintiff's reliance on 28 C.F.R. § 20.33 is misplaced. In this action the Government has taken the position that its authority to disseminate Plaintiff's criminal history record information to FINRA was derived from 15 U.S.C. § 78q(f)(2) – not 28 C.F.R. § 20.33.

Accordingly, **IT IS ORDERED** that Plaintiff's motion seeking leave to file a supplemental brief in support of his Motion for Reconsideration is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED.**

**IT IS SO ORDERED**.

                                                     S/Sean F. Cox
                                                     Sean F. Cox
                                                     United States District Judge

Dated: December 9, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 9, 2009, by electronic and/or ordinary mail.

                                                   S/Jennifer Hernandez
                                                   Case Manager